United States Court of Appeals,

Eleventh District.

No. 96-2351

Non-Argument Calendar.

John L. COLLINS, Plaintiff-Appellant,

v.

FMHA-USDA, (Administrator), et al., Defendants-Appellees.

Feb. 18, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-44-CIV-OC-10), Wm. Terrell Hodges, Judge.

Before HATCHETT, Chief Judge, and EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

John Collins appeals the district court's Rule 12(b)(6) dismissal of his lawsuit alleging a discriminatory conspiracy and various deficiencies in the processing of his mortgage loan application through the Farmers Home Administration ("FMHA").

I.

Construing the facts and allegations most favorably to Collins, his claims arose out of a real estate transaction gone awry. According to his second (and last) amended complaint, Collins took an option to purchase a home to be built by John A. Rankin Construction Company, Inc. for $46,400. The paperwork for the option and for an FMHA loan application was prepared by realtor Frances Rankin. Subsequently, figures on the paperwork were changed to reflect a purchase price of $49,200. Collins claimed that this change was made without his knowledge or consent, as the result of a conspiracy between FMHA employees and Frances Rankin.

Collins alleged other deficiencies in the processing of his loan application, including inadequate good faith estimates of closing costs, inadequate information about encroachments on his property, and an inadequate investigation of his complaints after the closing. In addition, Collins alleged the existence of a prohibited undisclosed controlled business relationship and an overcharge of closing costs.

Based on these alleged facts, Collins asserted claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2604, 2607, and regulations promulgated thereunder, 24 C.F.R. §§ 3500.7, 3500.14, 3500.15, 3500.19, and under the Fraud & False Statements Statute, 18 U.S.C. § 1001, the Civil Rights Conspiracy Statute, 42 U.S.C. § 1985(3), and the Action for Neglect to Prevent Statute, 42 U.S.C. § 1986, against FMHA, certain employees of FMHA, the realtor, the builder, two title insurance companies, and an attorney. The defendants moved to dismiss Collins' second amended complaint for failure to state a claim. The federal defendants also moved to dismiss on grounds of immunity under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.,* and based on the doctrine of sovereign immunity.

The district court dismissed: (1) the civil rights claims because Collins had failed to allege that an invidiously discriminatory animus motivated the conspiracy; (2) the claims under 18 U.S.C. § 1001 and 12 U.S.C. § 2604, because they do not permit private civil remedies; and (3) the claims under 12 U.S.C. § 2607, because Collins had failed to allege facts entitling him to relief. The district court did not reach the federal defendants

immunity issues.  This appeal followed.

## II.

On appeal, Collins does not challenge the dismissal of his claim under 18 U.S.C. § 1001.  Accordingly, we deem that claim to be abandoned.  *See Rogero v. Noone,* 704 F.2d 518, 520 n. 1 (11th Cir.1983).

As to the other claims, without reaching the federal defendants' immunity contentions, we affirm the district court's dismissal.  We do so without further discussion, except as to Collins' claim involving the RESPA.  Because that claim presents an issue of first impression in this circuit, further discussion of it is warranted.

## III.

Collins contends that the district court erred in finding that there exists no implied private civil remedy for violations of the RESPA, specifically 12 U.S.C. § 2604(c).  That statutory provision requires each lender to provide the borrower with a "good faith estimate" of the amount or range of charges for specific settlement services the borrower is likely to incur.  That provision does not, however, explicitly authorize a private remedy.  The question is whether it implicitly provides for a private civil remedy.

In determining whether a federal statute implicitly creates a private remedy, a court should inquire:  (1) whether the statute was created for the plaintiff's special benefit, (2) whether there is any indication of legislative intent to create a private remedy, (3) whether a private remedy would be consistent with the legislative purpose, and (4) whether the area is so traditionally

relegated to the states that it would be inappropriate to infer a cause of action based solely upon federal law. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Because the ultimate question is one of legislative intent, the most significant of these factors is whether there is any indication of congressional intent to create a private remedy. *See, e.g., Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15-16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979).

The present § 2604(c) replaced the prior § 2605, which had explicitly provided an action for damages for its violation. Pub.L. No. 93-533 § 6, 88 Stat. 1726 (1974), repealed by Pub.L. No. 94-205 § 5, 89 Stat. 1158 (1976). That Congress eliminated the provision when it amended the statute strongly suggests Congress intended that there no longer be a private damages remedy for violation of § 2604(c). Moreover, several other provisions of RESPA still explicitly provide private civil remedies, *see, e.g.,* 12 U.S.C. §§ 2605(f), 2607(d)(2) and (5), 2608(b). That, too, indicates Congress did not intend such a remedy for § 2604(c) violations. *See also State of Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1301-02 (5th Cir.1995) (finding no implied cause of action under 12 U.S.C. § 2609).

Where, as here, neither the statute nor the legislative history reveals a congressional intent to create a private cause of action, and actually indicate that Congress intended not to provide such a remedy, we need not carry the *Cort v. Ash* inquiry further. *See Dime Coal Co., Inc. v. Combs,* 796 F.2d 394, 399 (11th Cir.1986). Accordingly, we hold that the district court did not

err in dismissing Collins' RESPA claim, because there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it.

IV.

The judgment of the district court is AFFIRMED.