**Angel L. DE JESUS–SERRANO, et al., Plaintiffs**

v.

**SANA INVESTMENT MORTGAGE BANKERS, INC., et al., Defendants.**

**Civil No. 06–1311 (FAB).**

United States District Court, D. Puerto Rico.

April 25, 2007.

Erick Morales–Perez, Erick Morales Law Office, Carolina, PR, for Plaintiffs.

Nestor Mendez–Gomez, Carlos C. Alsina–Batista, Pietrantoni Mendez & Alvarez, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On March 27, 2006, plaintiffs Angel L. De Jesus–Serrano, his wife Gloria E. Diaz–Ortiz, and the conjugal partnership constituted between them (collectively "plaintiffs") filed this complaint against Sana Investment Mortgage Bankers, Inc. ("SANA") and Doral Financial Corporation (collectively "defendants"), alleging violations to the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1968, the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, as well as supplemental state law claims (Docket No. 1). On May 18, 2006, defendants moved to dismiss plaintiffs' claims pursuant to Fed. R.Civ.P. 12(b)(6) (Docket No. 4). On June 15, 2006, plaintiffs opposed the motion (Docket No. 7). For the reasons discussed below, the Court **GRANTS** defendants' motion to dismiss.

## FACTUAL BACKGROUND

On January 19, 2004, plaintiffs purchased a property located in Gurabo, Puerto Rico (the "Gurabo Property"), for the amount of two-hundred forty-five thousand dollars ($245,000). To purchase the Gurabo Property, plaintiffs constituted a first

mortgage in favor of SANA for the amount of one-hundred sixteen-thousand five-hundred dollars ($116,500) over a thirty-year period, and a second mortgage also in favor of SANA for the amount of seventy-nine thousand five-hundred dollars ($79,-500) over a period of fifteen years. Plaintiffs allege that they unknowingly also constituted a mortgage in favor of SANA for the amount of seventy-nine thousand five-hundred dollars ($79,500) over their home in Las Piedras, Puerto Rico (the "Las Piedras Property"), and also signed a pledge agreement, agreeing to provide as security any other financed instruments to guarantee the above-mentioned mortgage loans.

In October 2004, plaintiffs decided to sell the Las Piedras Property to De Jesus' brother for the amount of one-hundred sixty-five thousand dollars ($165,000). The purchase would be financed through Citibank. In November 2004, Citibank conducted a title search of the Las Piedras Property, which revealed the existence of the encumbrance in favor of SANA. Plaintiffs allege that this was the first time they knew of its existence. Because of the encumbrance, plaintiffs were unable to sell the Las Piedras Property.

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Fed. R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–*

*Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### B. *Defendants' Motion to Dismiss*

#### 1. *RICO Claims*

By partial judgment dated August 9, 2006 (Docket No. 19), the Court dismissed plaintiffs' RICO claims for failure to comply with the Court's RICO Case Standing Order, which requires that twenty (20) days after notice, each party asserting RICO claims must file a RICO statement, including the facts that the party is relying upon to institute the RICO claims as a result of the "reasonable inquiry" required by Fed.R.Civ.P. 11. The plaintiffs requested reconsideration of the ruling (Docket No. 20), which the Court has denied (Docket No. 42). A second motion for reconsideration (Docket No. 48) has also been denied by the Court. Accordingly, the Court need not further discuss plaintiffs' RICO claims.[1]

---

**1.** The Court has nevertheless reviewed the merits of the RICO claims and, had it not

been for their prior dismissal, would have

### 2. *Rescission Under TILA*

Under TILA, the obligor is entitled to seek rescission of a mortgage loan within three days after the transaction. 15 U.S.C. § 1635(a). If the lender fails to make the disclosure to the obligor of its right to rescind, then the period is extended for three years. 15 U.S.C. § 1635(f).

In this case, plaintiffs have not alleged that the defendants did not make the material disclosures at the time of the transaction. Even taking as true that plaintiffs did not know they were establishing a mortgage over the Las Piedras property, there is no indication or allegation that the defendants did not make the required material disclosures, including the description of the property being encumbered and the right to rescission, whether orally or in writing. Thus, it is the three-day period rather than the three-year period that is applicable. Because plaintiffs did not exercise their right to rescission within the three-day period, and have not shown that they are entitled to the three-year extension, the remedy of rescission is no longer available to them.

Defendants also argue that plaintiffs never had the right to rescission because section 1635 states that the right of rescission is not applicable to a "residential mortgage transaction," which is defined as "a transaction in which a mortgage ... is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). According to the defendants, because the mortgage was sought for the purchase of plaintiffs' home, the transaction at issue is a residential mortgage transaction exempt from TILA's right of rescission.

■ Although plaintiffs sought the loan for the purchase of a dwelling, the Gurabo property, however, the fact that the defendants encumbered a second property, not the one being acquired, removes the mortgage at issue from the purview of the "residential mortgage transaction" exemption. The Court's reading of the statute, in particular the phrase "acquisition or initial construction of **such** dwelling" (emphasis added), is that the exemption applies only if the encumbrance is placed upon the property that is being purchased with the loan, and not if the encumbrance is placed upon a second property. Thus, plaintiffs did have the right to rescind the loan, but that right expired three days after the transaction. Therefore, plaintiffs' claims under section 1635 must be dismissed.[2]

### 3. *Damages Under TILA*

Under TILA, a plaintiff is entitled to damages, attorney's fees, and costs for the lender's failure to comply with its provisions, including the material disclosures. 15 U.S.C. § 1640(a). The cause of action for damages, however, expires one year after the date of the occurrence of the violation. 15 U.S.C. § 1640(e). *See, e.g., Salois v. Dime Sav. Bank of New York,* 128 F.3d 20, 24 (1st Cir.1997) ("As an initial matter we note that plaintiffs' TILA ... claims are subject to [a] one-year statute[ ] of limitations.").

dismissed them for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

**2.** In their reply, defendants also argue that plaintiffs do not have the right to rescission because section 1635 is applicable only to an encumbrance over the obligor's principal dwelling. The complaint, however, does not contain any allegation as to which is the plaintiffs' principal dwelling, precluding the Court from considering the argument at this stage. In any event, it becomes unnecessary to delve into the issue given the Court's decision.

The mortgage transaction at issue here was consummated on January 19, 2004. Accordingly, the time of the violation would be that same date and plaintiffs would have had to file their complaint on or before January 19, 2005, assuming that they could establish a violation to TILA. *See, e.g., Rodrigues v. Members Mortgage Co.,* 323 F.Supp.2d 202, 210 (D.Mass.2004) ("[A]ctions for statutory damages under TILA must be brought 'within one year from the date of the occurrence of the violation.'"). Plaintiffs, however, did not file their complaint until March 27, 2006, that is over two years after the alleged violation. Therefore, plaintiffs' claim for damages under section 1640 is time-barred and must also be dismissed.

### 4. *RESPA Claims*

Plaintiffs allege a violation under RESPA inasmuch as the defendants did not provide them with "a good faith estimate of the amount or range of charges for specific settlement services [they were] likely to incur in connection with the settlement," and because they did not provide them with a copy of the Informative Costs Handbook as required. *See* 12 U.S.C. § 2604(c) & (d).

■ It is clear, however, that a private cause of action does not exist under RESPA for violations to section 2604. *See Collins v. FMHA–USDA,* 105 F.3d 1366, 1368 (11th Cir.1997) ("[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); *Campbell v. Machias Sav. Bank,* 865 F.Supp. 26, 32 (D.Me.1994) ("Congress did not provide an express private right of action in § 2604.").

Therefore, because no private cause of action exists under section 2604, plaintiffs' RESPA claims must also be dismissed.

### 5. *Supplemental State Law Claims*
#### a. *Mortgage Institutions Act*

Plaintiffs also allege a cause of action under Puerto Rico's Mortgage Institutions Act ("MIA"), P.R. Laws Ann. tit. 7 §§ 1051–1062, because the defendant engaged in practices prohibited by the Act, namely, (i) using a misrepresentation to induce or persuade a person to do business; (ii) offering and mortgaging an inexistent property or offering and mortgaging a property without knowledge of its owner or when its title is not clearly established; and (iii) failing to furnish the clients a substantially exact breakdown of the costs of the mortgage loan or loans before granting same. P.R. Laws Ann. tit. 7 § 1057a(3), (9) & (14).

■ However, the MIA does not create a private cause of action. The only remedies provided for violation of the MIA involve either administrative fines levied or criminal prosecutions brought by the Commissioner of Financial Institutions. *See* P.R. Laws Ann. tit. 7 § 1061. Accordingly, plaintiffs claims under the MIA must also be dismissed.

#### b. *Article 1802*

Finally, plaintiffs allege a cause of action for damages under Puerto Rico's General Tort Statute, Article 1802, P.R. Laws Ann. tit. 31 § 5141. Article 1868, P.R. Laws Ann. tit. 31 § 5298, provides a one-year period of limitations from the time the aggrieved had knowledge of the injury in which to file an action alleging damages under Article 1802. The period of limitations can be "interrupted by [its] institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31 § 5303.

■ In this case, plaintiffs allege that they learned of the injury in November 2004, when Citibank did a title check on

the Las Piedras property. Taking the allegation as true, plaintiffs had until November 2005 in which to file a claim under Article 1802. They did not. Moreover, there is no allegation in the complaint that they somehow interrupted the limitations period by making an extrajudicial claim.[3]

Another claim for damages could be construed from an incident that occurred June 2004 when the plaintiffs went to SANA to refinance the Gurabo property and were allegedly discriminated against due to their age and discouraged from applying for credit. These are the allegations supporting the claims under ECOA which are not addressed in defendants' motion. These claims for damages, however, are also subject to the one-year period of limitations and should have been filed by June 2005. Because they did not file them within the year, and absent any allegation that the period was tolled, these claims are also time-barred.

Therefore, plaintiffs' claims under Article 1802 must be dismissed as they are time-barred.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss. Plaintiffs' claims under TILA, RESPA, MIA, and Article 1802 are dismissed **with prejudice.** Only the claims under ECOA remain.

**IT IS SO ORDERED.**

---

3. Plaintiffs did argue in one of their motions that they did send defendants a letter which tolled the limitations period. Because the allegation is not included in the complaint, however, the Court will not consider it. In any event, a cursory reading of the letter (See Docket No. 21, Exh. A) shows that it is insufficient to toll the period of limitations as to any claims for damages insofar as it does not state the specific cause of action that the plaintiffs intended to exercise. See Gonzalez v. Wal–Mart, 147 D.P.R. 215, 218–219 (1998) (Stating that the right which is being claimed extrajudicially and the right which is affected by the limitations period must be identical.).