Liwayway DELINO, Plaintiff,

v.

PLATINUM COMMUNITY BANK; Mint Financial; Taylor Bean & Whitaker Mortgage Group; All Other Claimants of whatsoever kind and character against real property commonly known as 1846 E. 8th St., National City, CA 91950; APN 557200–10–00; and Does 1 through 100, inclusive, Defendants.

Case No. 09–CV–00288–H (AJB).

United States District Court,
S.D. California.

May 21, 2009.

Lincoln B. Quintana, QMS Law LLP, San Diego, CA, for Plaintiff.

Matthew B. McClendon, Locke Lord Bissell & Liddell, Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANTS PLATINUM & TB & W'S MOTION TO DISMISS

MARILYN L. HUFF, District Judge.

On February 17, 2009, Defendant Taylor Bean & Whitaker Mortgage Corp. ("TB & W") removed this case from the Superior Court of California in and for the County of San Diego. (Doc. No. 1.) On April 23, 2009, Defendants TB & W and Platinum Community Bank ("Platinum") filed a motion to dismiss Plaintiff Liwayway Delino's complaint. (Doc. No. 8.) Plaintiff filed a response in opposition and request for judicial notice on May 11, 2009. (Doc. No. 9.) Defendants filed a reply on May 19, 2009. (Doc. No. 12.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the parties' papers. For the reasons set forth below, the Court grants Defendants' motion to dismiss.

## Background

Plaintiff's complaint arises from foreclosure proceedings on her home. Plaintiff alleges causes of action for (1) violation of RESPA, 12 U.S.C. § 2605 et seq.; (2) violation of Truth in Lending Act, 15 U.S.C. § 1601 et seq.; (3) violation of California Civil Code § 1632 et seq.; (4) negligent misrepresentation; (5) fraud; (6) rescission; (7) unjust enrichment; and (8) quiet title. (Doc. No. 1, Ex. 1 Complaint ("Compl.").)

Plaintiff is the owner of real property commonly known as 1846 E. 8th Street, National City, CA 91950, County of San Diego (the "Property"). (Id. ¶ 1.) On or about March 16, 2007, Plaintiff, at the request of Defendant Mint Financial ("Mint"), Defendant Platinum and others, obtained loan # 10171 from Defendant Platinum. (Id. ¶ 13.) Plaintiff alleges that Platinum was the originating lender, Mint was the broker, and TB & W was the servicer. (Id. ¶¶ 2–4.) Plaintiff's complaint is based on alleged wrongful acts of the Defendants before the initiation of the loan as well as during the servicing period of the loan. (Id. ¶ 14.) Plaintiff alleges that "[p]rior to the funding of the loan, Mint and/or Platinum represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him." (Id. ¶ 14.) "As a result, Broker [Mint], Platinum and others convinced Plaintiff to purchase the Subject Property and to take out on a loan for that purpose with Platinum." (Id. ¶ 14.) Plaintiff alleges, on information and belief, that "Mint, Platinum and Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees," and that "Mint, Platinum and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the loan,

prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants." (*Id.* ¶ 14.)

·Plaintiff alleges that despite these representations concerning the loan, the loan was not as represented because it was at a higher interest rate, the payments were higher than agreed upon, there was less equity in the Property than represented, there was less money available to Plaintiff than represented, and the loan became unaffordable for Plaintiff. (*Id.* ¶ 15.) Plaintiff further alleges that Defendants failed to provide Plaintiff a proper notice of the right to cancel at the time of the transaction and did not provide accurate disclosures of the costs of financing, APR, payment obligations, or the type of loan at the time of the transaction and subsequent to the time of transaction. (*Id.* ¶ 16.) Plaintiff alleges that the loan and related contracts contain conflicting terms that are not reasonably·amenable to understanding by a consumer. (*Id.* ¶ 17.)

Plaintiff alleges that when Plaintiff discovered the false, misleading, and unlawful acts of Defendants that Plaintiff provided a notice of rescission and tendered· performance by delivery of the deed conveying title to the Property to Platinum, but that Platinum failed to respond timely and therefore Defendants have forfeited any right of title or interest in the Property. (*Id.* ¶ 20.) According to Plaintiff, TB & W and Defendants "knew or should have known of the notice of rescission, and the dispute between Plaintiff, Mint, Platinum and other defendants, and that TB & W purported to acquire rights in the Subject Premises only subject to the claims, offsets, and liabilities owned by any and all Defendants to Plaintiff." (*Id.* ¶ 21.) Plaintiff alleges that TB & W and other Defendants "purchased or otherwise acquired unknown rights and/or responsibili-

ties relating to Plaintiff's loan from Platinum at some date unknown to Plaintiff." (*Id.* ¶ 22.) Plaintiff alleges that, "[a]ll Defendants are agents, employees and other fiduciaries of each other." (*Id.* ¶ 27.)

Based on the alleged misconduct, Plaintiff brought action against moving Defendants Platinum and TB & W for violations of state and federal law. Platinum and TB & W move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

### *Discussion*

### I. Motion to Dismiss Pursuant to 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir.2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id.* at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed.2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d.1136, 1140 (9th Cir.1996); *see also Twombly*, 127 S.Ct. at 1964–65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). In evaluating a motion to dismiss, a court may consider evidence on which the complaint "necessarily relies" as long as: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). Additionally, the Court may take judicial notice of matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir.2001). Accordingly, the Court concludes that it may consider documents provided that are specifically referred to in Plaintiff's complaint that are central to Plaintiff's claim, and whose authenticity is not disputed. The Court declines Plaintiff's request to take judicial notice of certain documents, as Plaintiff has not set forth grounds for the Court to do so. (*See* Doc. No. 9, Request for Judicial Notice.)

## A. Real Estate Settlement Procedures Act

The Federal Real Estate Settlement Procedures Act ("RESPA") requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). RESPA also provides that, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" and that "[d]uring the 60–day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower." 12 U.S.C. § 2605(b)(1) & (d). "Servicer" is defined in the statute as, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2).

Plaintiff alleges that Mint, Platinum, TB & W and other Defendants "failed to adequately respond to Plaintiff's requests for information regarding the loan and for an opportunity to work out the loan Qualified Written Requests in violation of RESPA." (Compl. ¶ 30.) Plaintiff also alleges that Platinum, its predecessors and other Defendants were required to give Plaintiff notice of transfer and that Platinum, TB & W and other Defendants improperly imposed a late fee on Plaintiff within 60 days of the loan transfer. (*Id.* ¶¶ 32–33.) Plaintiff alleges on information and belief that Platinum, Mint and other Defendants violated RESPA by failing to provide a good faith estimate at the times required by RESPA. (*Id.* ¶ 34.)

The Court concludes that Plaintiff fails to state a claim under RESPA. Plaintiff does not allege to whom specifi-

cally Plaintiff made Qualified Written Requests ("QWR"), when such requests were made, how Defendants failed to respond to such requests, if the 60 day statutory period for response has lapsed, or how Platinum meets the statutory definition of a "servicer" as Plaintiff alleges that TB & W was the loan's servicer and that Platinum was the originating lender. By alleging, without more, that Defendants Mint, Platinum, TB & W and other Defendants failed to respond to QWRs fails to put Defendants on sufficient notice of alleged wrongdoing. Plaintiff has attached various QWRs sent to various entities at various times as well as responses from some of those entities to Plaintiff's declaration in opposition to the motion to dismiss, of which neither party disputes the authenticity, but failed to attach these documents to the complaint. (*See* Doc. No. 9, Delino Decl. Exs. A–F.) However, even considering these documents, the pleading deficiencies remain, as Plaintiff fails to allege how Platinum meets the statutory definition of a "servicer" and how Platinum and TB & W failed to respond to Plaintiff's QWRs that were sent to Platinum and TB & W. The Court notes that although Plaintiff alleges in the complaint that QWRs were sent to Defendant Mint, none of the QWRs provided by Plaintiff were in fact sent to Mint. Plaintiff also alleges that the complaint serves as a QWR. (Compl. ¶ 6.) The Court concludes that Plaintiff fails to state a claim based upon the complaint serving as a QWR, as at the time of filing the complaint, Plaintiff could not state a claim for relief based upon Defendants' failure to respond to this QWR as the 60 day statutory period for response necessarily had not passed, and Plaintiff could not have alleged so in the complaint. Accordingly, the Court dismisses Plaintiff's claim for a violation of RESPA under 12 U.S.C. § 2605(e)(1)(A) with leave to amend.

██ The Court concludes that Plaintiff fails to state a claim under 12 U.S.C. § 2605(b)(1) & (d) for failure to notify of transfer and improperly assessing a late fee. Plaintiff alleges that Platinum, its predecessors and other Defendants were required to give Plaintiff notice of transfer of the loan, but fails to allege that any Defendant actually failed to give such notice. (Compl. ¶ 32.) Plaintiff does not allege when any such alleged transfer took place, what entities were involved in such transfer and therefore had the duty to notify, or when the alleged late fee was assessed against Plaintiff. Plaintiff's legal conclusion that, "Platinum, Mint and other Defendants improperly imposed a late fee on Plaintiff within 60 days of the loan transfer" is insufficient to put Platinum and TB & W on notice of their alleged wrongful conduct. Plaintiff also does not allege how Platinum or Mint meet the statutory definition of "servicer" and are therefore subject to the duty to notify of a transfer. Accordingly, the Court dismisses Plaintiff's claim for failure to notify and improper assessment of a late fee in violation of RESPA with leave to amend.

██ The Court dismisses Plaintiff's claim against Platinum for failing to provide a good faith estimate at the times required under RESPA with prejudice, as no private cause of action exists for such a violation. Section 2604(c) of RESPA provides that, "[e]ach lender shall include with the booklet a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement as prescribed by the Secretary." 12 U.S.C. § 2604(c). Section 2604 does not provide a private civil remedy for a failure to provide a good faith estimate, unlike § 2605, which does provide that "whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure." *See* 12 U.S.C. § 2604; *c.f.* 12 U.S.C. § 2605(f). Accordingly, be-

cause there is no private cause of action for a failure to provide a good faith estimate under RESPA, the Court dismisses Plaintiff's RESPA claim based upon this ground with prejudice. *See Collins v. FMHA–USDA,* 105 F.3d 1366, 1367–68 (11th Cir.1997).

## B. Truth In Lending

The federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). Its provisions impose certain duties on creditors. The statute itself defines "creditor" as referring only to "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a). However, this provision applies "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." *Id.*

Plaintiff alleges that Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b), 12 C.F.R. § 226.23, by failing to provide required notices and disclosures at the initiation of the loan correctly identifying the transaction, clearly and conspicuously disclosing the right to rescind the transaction three days after delivery of the required disclosures, clearly and conspicuously disclosing how to exercise the right to rescind, clearly and conspicuously disclosing the effects of rescission, and clearly and conspicuously disclosing the date the rescission period expired. (Compl. ¶ 38.) Plaintiff also alleges on information and belief that Mint, Platinum and TB & W violated TILA at the time of origination because the TILA disclosures were inaccurate, misleading and incomplete. (*Id.* ¶ 39.) Plaintiff seeks damages and rescis-

sion under TILA in causes of action two and six. (*Id.* ¶ 40, pp. 19–20, ¶¶ 14–17.)

██ Plaintiff fails to sufficiently plead a violation of TILA. Plaintiff alleges that Mint and TB & W violated TILA at the time of origination, but Mint and TB & W were not the originating creditor, according to Plaintiff's complaint. (*See* Compl. ¶¶ 2–4.) Plaintiff has not alleged that the TILA violations were apparent from the face of the disclosure statement and has not attached any disclosure statement to the complaint, and therefore has not sufficiently pled that Mint and/or TB & W can be held liable as assignees of the original creditor, Platinum. Plaintiff also does not allege what provisions of TILA Defendants violated other than allegations concerning disclosure of information relating to the right to rescission. (*Id.* ¶ 38.) However, the right to rescind does not apply to residential mortgage transactions and therefore Defendants had no duty to disclose information relating to the right to rescind. 15 U.S.C. § 1635(e). Accordingly, the Court concludes that Plaintiff fails to plead a claim under TILA against Platinum and TB & W for which relief may be granted.

██ Furthermore, Plaintiff's TILA claim for statutory damages against Platinum and TB & W is likely barred by the statute of limitations. A request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. § 1640(e). Plaintiff's loan was executed on or about March 16, 2007 and this action was filed on January 14, 2009. (Compl. ¶ 13.) Therefore, from the face of the complaint, Plaintiff's claim for statutory damages appears time-barred as Plaintiff alleges that the TILA violations occurred "at the initiation of the loan" and "at the time of origination." (*Id.* ¶¶ 38 & 39.)The Ninth Circuit has held equitable

tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. *King v. State of California,* 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." *Id.* The applicability of equitable tolling often depends on matters outside the pleadings. *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir.1995) (citation omitted.) Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Id.* Here, however, Plaintiff has not alleged any facts that would entitle Plaintiff to equitable tolling and alleges that the TILA disclosures given at the time of origination were inaccurate, misleading, and incomprehensible, which seems to suggest that the alleged TILA violations were apparent on the face of the disclosure. Accordingly, the Court dismisses Plaintiff's claim for statutory damages under TILA with leave to amend.

█ Plaintiff's claim for rescission under TILA fails as a matter of law. Under 15 U.S.C. § 1635(e), "residential mortgage transactions" are excluded from the three-year right of rescission. *See also* Regulation Z § 226.23(f)(1). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, . . . or equivalent consensual security interest . . . created . . . against the consumer's dwelling to finance the acquisition . . . of such dwelling." Plaintiff alleges in the complaint that the purpose of the mortgage was to finance the purchase of the Property. (Compl. ¶ 14.) Thus, while home equity loans and refinancing transactions would be amenable to rescission, Plaintiff's purchase money mortgage is not. Accordingly, the Court dismisses Plaintiff's claim for rescission under TILA against Defendants Platinum and TB & W with prejudice.

## C. California Civil Code § 1632

█ Plaintiff alleges that she is a native Tagalog speaker and that the negotiations and transaction were conducted primarily in Tagalog, but that no contract documents or disclosures were delivered by Mint, Platinum and TB & W in Tagalog in violation of California Civil Code § 1632. (Compl. ¶¶ 42–43.) California Code § 1632 requires a translation of a contract or agreement in the language in which the contract was negotiated be provided for a "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240)." CAL. CIV.CODE § 1632(b)(4). Section 10204 in turn, applies to certain real estate loans secured by real property that are negotiated exclusively by a real estate broker. CAL. BUS. & PROF.CODE § 10204.

Plaintiff fails to plead a cause of action against Platinum and TB & W for a violation of § 1632, as Plaintiff does not allege that Platinum or TB & W was a real estate broker and thus subject to the requirement to provide a translation. Plaintiff alleges that Defendant Mint was the broker. (Compl. ¶ 3.) Furthermore, TB & W is not alleged to have been involved in the origination of the loan and thus cannot be liable for disclosure violations occurring at the time of origination. Accordingly, the Court dismisses Plaintiff's cause of action for violation of 1632 against Platinum and TB & W. The Court also notes that Plaintiff's claim under § 1632 may be barred by the applicable statute of limitations and that Plaintiff has not alleged that she has or can tender funds sufficient to effectuate a rescission of the loan, as required by § 1632(k). *See* CAL.CODE CIV. PRO. § 340(a); CAL. CIV.CODE §§ 1632(k), 1691(b).

## D. Negligent Misrepresentation

■ "The elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal.App.4th 35, 50, 89 Cal.Rptr.3d 473 (2009) (citation omitted).

■ Plaintiff alleges that "[p]rior to the funding of the loan, Mint and/or Platinum represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him." (Compl. ¶ 14.) "As a result, Broker [Mint], Platinum and others convinced Plaintiff to purchase the Subject Property and to take out on a loan for that purpose with Platinum." (*Id.* ¶ 14.) Plaintiff alleges, on information and belief, that "Mint, Platinum and Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees," and that "Mint, Platinum and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the loan, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants." (*Id.* ¶ 14.) Plaintiff alleges that despite these representations concerning the loan, the loan was not as represented because it was at a higher interest rate, the payments were higher than agreed upon, there was less equity in the Property than represented, there was less money available to Plaintiff than represented, and the loan became unaffordable for Plaintiff. (*Id.* ¶ 15.) Plaintiff alleges that Defendants' representations were made with the intent of inducing Plaintiff to act in reliance on those representations and that Plaintiff was damaged as a result of Defendants' negligent misrepresentations. (*Id.* ¶¶ 47–48.)

The Court concludes that Plaintiff fails to state a claim against TB & W and Platinum for negligent misrepresentation. Nowhere in Plaintiff's allegations concerning false or misleading statements does Plaintiff allege that TB & W made any false or misleading representations. Accordingly, the Court dismisses Plaintiff's claim for negligent misrepresentation against TB & W. The Court also concludes that Plaintiff fails to state a claim for negligent misrepresentation against Platinum. Plaintiff does not allege what misrepresentations were made by Platinum, only that "Mint and/or Platinum represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him." (*Id.* ¶ 14.) A representation that very favorable terms are available is not a sufficient allegation to put Platinum on notice of what misrepresentations concerning the terms of Plaintiff's loan were made by Platinum. Plaintiff also does not allege that Plaintiff actually relied on these representations, only that Defendants intended Plaintiff to rely on the representations. (*Id.* ¶ 47.) Plaintiff has not alleged the elements of the cause of action. Accordingly, the Court dismisses Plaintiff's cause of action for negligent misrepresentation against TB & W and Platinum for failure to state a claim. The Court also notes that Plaintiff's cause of action for negligent misrepresentation may be subject to the heightened pleading standard of Rule 9(b) and has failed to allege her negligent misrepresentation claim with the requisite specificity. *See Cadlo v. Owens–Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rptr.3d 1 (2004) ("Each element in a cause of action for fraud or negligent mis-

representation must be factually and specifically alleged.").

## E. Fraudulent Misrepresentation

 Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Moore v. Brewster,* 96 F.3d 1240, 1245 (9th Cir. 1996) (quotations omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " *Id.* at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989). Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. *Id.*

██ Plaintiff does not sufficiently plead a cause of action for fraudulent misrepresentation against Platinum and TB & W. Plaintiff fails to plead what Defendant made what misrepresentation, when such misrepresentation was made, or where such misrepresentation was made. Plaintiff's general statements that "Mint and Platinum made various false misrepresentations to Plaintiff regarding the loan" and "Defendants made various misrepresenta-

tions of material fact with respect to the loan" are insufficient to meet the heightened pleading standard of Rule 9(b). Plaintiff has not attributed particular fraudulent statements or acts to individual defendants. Accordingly, the Court dismisses Plaintiff's cause of action for fraudulent misrepresentation against Platinum and TB & W.

## F. Unjust Enrichment

 Plaintiff alleges that, "[b]y their misrepresentations, omissions and other wrongful acts alleged heretofore, Defendants, and each of them, were unjustly enriched at the expense of Plaintiff, and Plaintiff was unjustly deprived, and is entitled to restitution." (Compl. at p. 20, ¶ 20.) A claim for unjust enrichment requires pleading "the receipt of a benefit and the unjust retention of the benefit at the expense of another." (*Lectrodryer v. Seoulbank,* 77 Cal.App.4th 723, 726, 91 Cal. Rptr.2d 881 (2000)). "The mere fact that a person benefits another is not in itself sufficient to require the other to make restitution therefor." *Dinosaur Development, Inc.,* 216 Cal.App.3d at 1315, 265 Cal.Rptr. 525. The Court dismisses Plaintiff's cause of action for unjust enrichment against Platinum and TB & W, as Plaintiff's claim is predicated on the other causes of action alleged in the complaint and Plaintiff fails to state a claim against Platinum and TB & W for a violation of RESPA, TILA, Cal. Civ.Code § 1632, negligent misrepresentation, and fraudulent misrepresentation.

## G. Quiet Title

Plaintiff alleges that based upon the wrongful acts alleged in the complaint, that Defendants have forfeited any and all interest in the Property and seeks an order establishing that Plaintiff has ownership of the Property unencumbered by any

claim by Defendants. (Compl. at pp. 20–21, ¶¶ 21–23.) To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. CAL. CIV. PRO.CODE § 761.020.

The complaint does not identify the date as of which the determination is sought, or specify which of the several Defendants named in this action are asserting an adverse claim to the Property. Furthermore, the complaint is not verified. Accordingly, the Court dismisses Plaintiff's cause of action for quiet title against Defendants Platinum and TB & W.

### Conclusion

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendants Platinum and TB & W's motion to dismiss Plaintiff's complaint. Plaintiff may file an amended complaint curing the noted deficiencies within 30 days of the date of this order.

**IT IS SO ORDERED.**