United States Court of Appeals,

Eleventh Circuit.

No. 96-6159

Non-Argument Calendar.

Suzan L. SMITH, on behalf of herself and all others similarly situated, Plaintiff-Appellant,

v.

HIGHLAND BANK, Molton Allen & Williams, Defendants-Appellees.

March 27, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV95-B-480-S), Sharon Lovelace Blackburn, District Judge.

Before ANDERSON and BLACK, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Suzan Smith and members of the plaintiff class allege that Highland Bank ("Highland"), as creditor, and Molton Allen & Williams ("MAW"), as Highland's assignee, violated the Truth In Lending Act ("TILA") in handling their mortgages. The district court granted summary judgment to Highland and MAW. We affirm.

Under TILA, a debtor may rescind a mortgage "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms ..., whichever is later...." 15 U.S.C. § 1635(a). Further, a debtor must receive notice of her right to rescind "on a separate document that identifies the transaction and ... clearly and conspicuously disclose[s]" information describing the transaction and the debtor's rights. 12 C.F.R. § 226.23(b)(1). If a creditor neglects to comply with these requirements, it may face civil

liability under TILA, 15 U.S.C. § 1640(a), and the debtor's right to rescind is extended for up to three years after the transaction is complete. 12 C.F.R. § 226.23(a)(3). Smith claims that she and the plaintiff class received statutorily deficient notice and are therefore entitled to damages and the right to rescind for a three-year period. She alleges that Highland violated TILA by including, with her mortgage papers, a form entitled "Notice of Right to Cancel," a copy of which is included as an appendix to this opinion. The crux of Smith's objection is that the form of the Notice deprived her of a meaningful opportunity to rescind.

The Notice not only contains an "Acknowledgment of Receipt" that the debtor must sign to confirm that Highland complied with TILA, but it also includes a "Certificate of Confirmation" that the debtor is to sign after the expiration of the three-day rescission period to indicate that she has not exercised her rescission rights. Below the Certificate of Confirmation appears the following: "NOTE: All parties who execute Acknowledgment of Receipt must execute Certificate of Confirmation." Smith argues that this statement, taken together with the placement of the Certificate of Confirmation on the same page as the Acknowledgment of Receipt, would lead the average consumer to believe that she had to sign the Certificate of Confirmation when she received the Notice. According to Smith, the form forces the debtor to waive her rescission rights upon receipt of the Notice.

In *Rodash v. AIB Mortgage Co.,* 16 F.3d 1142 (11th Cir.1994), a creditor provided notice of the right to rescind, but required the debtor to sign beneath a single paragraph that both

acknowledged the receipt of the notice and simultaneously waived the right to rescind. We held that the notice violated TILA because it forced an immediate waiver of rights, when TILA's implementing regulations only permit the consumer to waive the three-day rescission period "if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency," in the form of a written statement describing the emergency. *Id.* at 1145-46; 12 C.F.R. § 226.23(e)(1). Based on the totality of the circumstances, we found that the lender violated TILA's requirement of "clear and conspicuous" disclosure of the right to rescind because: (1) the proffer of the notice together with the waiver implied that waiver was possible within the three-day period, although it is not; (2) forcing the borrower to sign a waiver on the date of the transaction would make her believe that the waiver was effective on that date; (3) including the waiver in the same paragraph with the receipt of notice would deceive the borrower as to the nature of what she was signing; and (4) proffering the waiver along with the mortgage papers would lead a consumer to believe that she had to sign the waiver in order to consummate the mortgage transaction. 16 F.3d at 1146. Despite these findings, however, we emphasized that judging a lender's compliance with the notice provision is not mechanical; rather, a court "must scrutinize the circumstances of the transaction." *Id.*

Although Smith urges us to follow *Rodash,* the instant case is distinguishable in several material respects. First, even though the Certificate of Confirmation appears on the same page as the Acknowledgment of Receipt, it is in a distinct paragraph and,

importantly, must be separately signed.[1]  Second, although the form was proffered on the date of the mortgage transaction, it does not mislead the consumer as to whether she may rescind during the three-day period following the transaction.  It indicates that the consumer is not to sign the Certificate of Confirmation until more than three business days have elapsed, and the Certificate of Confirmation subsection of the form is dated several days after the Acknowledgment of Receipt.  Third, Highland's form provided Smith with much more detailed information about how to cancel the mortgage transaction than the form at issue in *Rodash,* thereby counteracting any confusion that the form otherwise might cause.[2]  Finally, although Smith creatively illustrates how one could be misled by the "Note" below the Certificate of Confirmation, it is clear that the intent of the "Note" is to ensure that all of the signatories to the Acknowledgment of Receipt concur in the decision not to rescind.[3]

Even apart from these differences, we believe that extending the *Rodash* rationale to the instant case is unwise, as both Congress and a recent panel of this court have indicated.  Just

---

[1]We do not read in *Rodash,* as Smith does, a *per se* ban on forms which contain both an acknowledgment of receipt and a waiver of rescission rights.

[2]In the district court's words, because the notice, in boldfaced type, told Smith of her right to cancel, Smith's right was "both conspicuous and apparent on the face of the document." *Smith v. Highland Bank,* 915 F.Supp. 281, 292 (N.D.Ala.1996).

[3]In fact, the "Note" appears to be Highland's attempt to comply with TILA's regulations, which require:  "[w]hen more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers."  12 C.F.R. § 226.23(a)(4).

over a year after our decision in *Rodash,* Congress enacted amendments to TILA, declaring a temporary moratorium on courts' certification of class action suits based on certain kinds of alleged deficiencies in the form of notice. 15 U.S.C. § 1640(i). Neither party alleges that this provision applies to the case at bar, but we agree with Highland and MAW that Congress's apparent disapproval of TILA claims arising out of notice forms counsels restraint here.[4] Additionally, we note that, since *Rodash,* we have been unwilling to impose liability on lenders for unartfully-drawn forms and have refused to extend *Rodash* beyond its facts. In *Veale v. Citibank, F.S.B.,* 85 F.3d 577, 580 (11th Cir.1996), *petition for cert. filed,* No. 96-7348 (U.S. Jan.6, 1997), we characterized *Rodash* as standing for the proposition that "TILA does not require perfect notice; rather it requires a clear and conspicuous notice of rescission rights."

Therefore, because we are convinced that *Rodash* represented egregious facts distinguishable from this case and because we conclude that a further extension of *Rodash* is unwarranted, we

---

[4]Congress enacted the moratorium in response to a portion of the *Rodash* decision not at issue in this case—how certain fees are classified under TILA. Congress was concerned that the *Rodash* court allowed plaintiffs to rescind a mortgage as a result of minor TILA violations. Nevertheless, the debates surrounding the moratorium's adoption indicate that Congress would not have us adopt a hypertechnical reading of any part of TILA. *See, e.g.,* 141 Cong. Rec. H9513, H9514 (daily ed. Sept. 27, 1995) (statement of Rep. Leach) ("The problem is that an honest mistake of no consequence to any of the parties involved has become the subject of shark instincts of the plaintiff's bar."); 141 Cong. Rec. S5614, S5614 (daily ed. Apr. 24, 1995) (statement of Sen. Mack) ("These laws encourage cookie-cutter lending in order to avoid mistakes. Consumers are then hurt by higher rates and less lending.")

AFFIRM the district court's order granting summary judgment.[5]

CA (97) 1193,SIZE-40 PICAS,TYPE-PDI

---

[5]Because we find that Highland had no TILA liability, we do not need to discuss MAW's liability as assignee.