KLEIN, J.
In a prior appeal in this case, Kasket v. Chase Manhattan Mortgage Corp., 695 So.2d 431 (Fla. 4th DCA 1997), we concluded that Kasket was not entitled to rescind his mortgage under the Truth in Lending Act (TILA), but remanded for determination of whether there had been TILA violations which would allow him to recover damages. The trial court found no violations, and we affirm.
Before Congress amended TILA, 15 U.S.C. §§ 1600-1641, in 1995, it was liberally construed in favor of the consumer, W.S. Badcock Corp. v. Myers, 696 So.2d 776 (Fla. 1st DCA 1996), and even technical or minor violations of the Act imposed liability on the lender, Nussbaum v. Mortgage Serv. America Co., 913 F.Supp. 1548 (S.D.Fla.1995). The eleventh circuit has interpreted the amendments Congress made to TILA in 1995 as a direction to the courts to not apply a “hyper-technical reading of any part of TILA.” Smith v. Highland, 108 F.3d 1325, 1327 n. 4 (11th Cir.1997).
Kasket, who has raised only hypertech-nical arguments on this appeal, relies on a case from the seventh circuit, Brown v. Payday Check Advance, Inc., 202 F.3d 987 (7th Cir.2000), which appears to disagree with Smith. Because we are in the eleventh circuit we follow Smith. Wylie v. Investment Management and Research, 629 So.2d 898 (Fla. 4th DCA 1993)(when a state court follows the federal circuit in which the state is located, on an issue involving federal law, it creates uniformity and discourages forum shopping).
*727 Kasket’s first argument is that, even though we concluded that he was not entitled to rescind his mortgage on the prior appeal, and only remanded for a determination of whether TILA violations would allow him to recover damages, the trial court should have set aside the foreclosure sale. Another of his arguments is that the provision stating that the right to rescind expires on “042491” is ambiguous. He contends that the numbers were insufficient to notify him that the deadline for rescission was April 24, 1991. Neither these nor any of the other arguments raised by Kasket have any merit whatsoever. Affirmed.
TAYLOR, J., and SCOLA, ROBERT N„ Jr., Associate Judge, concur.