

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2008

# USA v. Abdunafi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Abdunafi" (2008). *2008 Decisions.* Paper 192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3635
_____

UNITED STATES OF AMERICA

v.

MALIK ABUHAMID IBM WAKIL ABDUNAFI,

Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00255)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2008

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*.

(Filed: November 26, 2008)


_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

Malik Abdunafi appeals his conviction and sentence for drug-related offenses. We will affirm.

## I.

Because we write solely for the parties, we recount only the essential facts.

After being arrested for distributing heroin to a confidential informant, Shavette Swain identified Abdunafi as her supplier and agreed to cooperate with police. The following day, Swain met with Abdunafi to settle a $1,500 heroin debt. Immediately following their meeting, police stopped Abdunafi's vehicle and seized the $1,500, along with drug paraphernalia. Later that day, police conducted consent searches of two motel rooms rented in Abdunafi's name and a townhouse owned by Abdunafi's cousin. These searches yielded evidence of powder cocaine, crack, heroin, and drug paraphernalia.

Abdunafi was indicted and convicted on five counts following a jury trial. He was sentenced to 240 months imprisonment and ordered to forfeit $100,000.

## II.

In this appeal, Abdunafi claims there was insufficient evidence to convict him on Count I (conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, more than 500 grams of cocaine, and additional quantities of heroin and marijuana in violation of 21 U.S.C. § 846) and on Count IV (possession with intent to

distribute more than 500 grams of cocaine, more than five grams of cocaine base, and additional quantities of heroin and marijuana in violation of 21 U.S.C. § 841(a)(1)).[1]

Abdunafi concedes that he sold crack, but claims that the evidence at trial was insufficient to convict him of *conspiracy* to distribute crack. Abdunafi bears a heavy burden in light of our "particularly deferential" standard of review in cases challenging the sufficiency of the evidence. *See United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision. *See Glasser v. United States*, 315 U.S. 60, 80 (1942), *superseded by statute on other grounds*; *United States v. Beckett*, 208 F.3d 140, 151 (3d Cir. 2000). We neither weigh the evidence nor assess the credibility of the witnesses. *Dent*, 149 F.3d at 187. Instead, we must affirm if "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he evidence need not unequivocally point to the defendant's guilt as long as it permits a finding of guilt beyond a reasonable doubt." *See United States v. Davis*, 183 F.3d 231, 238 (3d Cir. 1999).

When police stopped Abdunafi's van following his meeting with Swain, he was accompanied by two young men, who were later identified as Jose Louis Cano and Jamal

---

[1] We exercise appellate jurisdiction over Abdunafi's claims of trial error under 28 U.S.C. § 1291 and review his claim of sentencing error under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Tompkins. The van also contained paraphernalia used to cook powder cocaine into crack, including a Pyrex® beaker, a sifter, and a hotplate which had crack residue on it. Although the mere presence of these two men with Abdunafi in the van is insufficient to prove a conspiracy, three witnesses testified that two men were associated with Abdunafi and his drug operation at the Super 8 Motel as well.

According to Kim McGraw, Abdunafi summoned two young men to bring him powder cocaine from a nearby room at the Super 8 Motel to supply to one of his customers. McGraw also testified that she observed Abdunafi selling crack from the motel. Furthermore, McGraw and Kimberly Doyle testified that when Abdunafi was not around, he directed them to purchase marijuana or powder cocaine from those same men at the motel. Similarly, Tabetha Mahnke testified that she purchased both powder cocaine and crack from Abdunafi at the Super 8 Motel and she observed a bag almost full of crack. Donielle Lagabed testified that she remembered being at the motel with two men and that she got crack at that location.

In addition to this general testimony that Abdunafi and two men were distributing various drugs from two rooms at the Super 8 Motel, there is circumstantial evidence that at least one of the men at the motel was one of the men found with Abdunafi in the van. Both Swain and another witness, Christina Shotwell, observed a man with stitches at the Super 8 Motel, which was consistent with the description of one of the men found by police in the van.

4

Taking the evidence in the light most favorable to the Government, we find that a rational trier of fact could have found the essential elements of the crime of conspiracy beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. Abdunafi was found in the van with two men and crack-producing paraphernalia; two men meeting a similar description were involved in drug transactions at the Super 8 Motel; and Abdunafi was selling crack out of the motel. From these facts it can be logically inferred that the same two men were involved in all instances and that they and Abdunafi shared a unity of purpose to distribute crack, an intent to achieve a common goal, and an agreement to work together toward that goal. *See United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999).[2]

The other members of the conspiracy need not be specifically identified, *Rogers v. United States*, 340 U.S. 367, 375 (1951), and there is sufficient evidence that Abdunafi "had an agreement with someone – anyone" in order to meet the requirements of a conspiracy charge. *United States v. Obialo*, 23 F.3d 69, 73 (3d Cir. 1994). Although the jury was not required to find that the two young men found with Abdunafi in the van were the same as his accomplices in the Super 8 Motel, it was reasonable for the jury to so find.

---

[2] Abdunafi argues that Kim McGraw's testimony regarding the two men at the Super 8 Motel related only to powder cocaine and did not include crack cocaine. This argument ignores the circumstantial evidence that suggests that Abdunafi's two young accomplices conspired with him to sell crack and powder cocaine.

Accordingly, the evidence was sufficient to convict Abdunafi for conspiracy to distribute crack.

## III.

Abdunafi also challenges the sufficiency of the evidence regarding his conviction for possession with intent to distribute drugs (Count IV).[3] This conviction was premised on a finding that Abdunafi constructively possessed drugs found at the residence of his cousin, William Robbins.

Upon searching Robbins's residence, police discovered 645.5 grams of powder cocaine, 5.4 grams of crack, and 30.5 grams of heroin, along with empty Ziploc® bags, a digital scale, and a glass jar of cutting agents. The bags found in the Robbins residence matched Ziploc® bags seized from the Super 8 Motel. Robbins testified that the drugs did not belong to him and that he did not know how the drugs got there. Robbins also testified that he gave Abdunafi a key to his residence and that Abdunafi kept clothes there. Besides Abdunafi, only Robbins, his mother, and father-in-law had access to the home.

In addition to Robbins, Kim McGraw testified that she accompanied Abdunafi to Robbins's residence on multiple occasions, stating: "I would call him, and he wouldn't

---

[3] Because Abdunafi did not move for a judgment of acquittal on this charge in the District Court, we review for plain error. *See United States v. Grasso*, 381 F.3d 160, 166 (3d Cir. 2004), *overruled on other grounds, United States v. Santos*, 128 S. Ct. 2020 (2008); FED. R. CIV. P. 29.

have anything, and he would pick me up and he would stop there. . . . He would just get out of the car and go inside." She then testified that Abdunafi would return minutes later with powder cocaine for her. This happened on three occasions. Additionally, McGraw testified that she saw Abdunafi use a black digital scale, which she later identified as belonging to Abdunafi after it was seized over the ceiling tiles alongside the drugs in the Robbins residence. In light of this testimony, a jury could reasonably deduce that Abdunafi had knowledge of the drugs and exercised sufficient dominion and control over them to establish constructive possession. *See United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992).[4]

A reasonable jury believing this circumstantial evidence "and the inferences logically deducible therefrom in the light most favorable to the government," *United States v. McNeill,* 887 F.2d 448, 449-50 (3d Cir. 1989), could find beyond a reasonable doubt that Abdunafi constructively possessed the drugs at Robbins's home with the intent to distribute them.[5]

---

[4] Constructive possession may be proved by circumstantial evidence. *See United States v. Bobb,* 471 F.3d 491, 497 (3d Cir. 2006).

[5] Abdunafi also challenges for the first time on appeal the District Court's jury instruction regarding constructive possession, arguing that the trial judge misstated its requirements. The District Court properly explained the requirements for constructive possession while cautioning the jury that "merely being present at the scene of a crime . . . is not sufficient conduct to find that Mr. Abdunafi committed that crime." We find no error at all, much less an error that "was so fundamental and highly prejudicial as to constitute plain error." *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir. 1987) (quotation marks omitted).

IV.

Abdunafi's final sufficiency of the evidence challenge regards his conviction for conspiracy to distribute at least 500 grams of cocaine (Count I). This involves two separate inquiries: (1) whether a conspiracy existed to distribute cocaine; and (2) the weight of the cocaine in question. These inquiries correspond to our findings in Parts II and III.

In Part III, we concluded that the evidence was sufficient to establish that Abdunafi constructively possessed the drugs found in the Robbins townhouse. The testimony of McGraw regarding her multiple visits to the residence and her identification of the black digital scale were sufficient for a jury to find that Abdunafi knew of the drugs located in that residence and exercised the requisite dominion and control over them. *See Iafelice*, 978 F.2d at 96. Therefore, we determined that the evidence was sufficient to find that Abdunafi constructively possessed the 645.5 grams of cocaine seized at the Robbins residence.

Furthermore, a jury could have reasonably deduced that these drugs were part of a larger conspiracy to distribute cocaine. As discussed in Part II, McGraw testified that Abdunafi summoned two young men at the Super 8 Motel to bring him powder cocaine from a nearby room to supply to one of his customers. Additionally, McGraw and Kimberly Doyle testified that when Abdunafi was not around, he directed them to purchase drugs, including powder cocaine, from those same men at the motel. Finally,

8

the bags found in the Robbins residence matched Superman Ziploc® bags seized from the Super 8 Motel, leading to a logical inference that the drugs and paraphernalia found at the Robbins residence were connected to Abdunafi's activities at the motel.

The Government need not prove that the other members of the conspiracy were ever present at the Robbins townhouse in order to prove a conspiracy involving these drugs. There is sufficient circumstantial evidence that a reasonable jury could find a "logical and convincing connection" between the drugs Abdunafi constructively possessed at the townhouse and the activities at the motel. *McNeill*, 887 F.2d at 449-50. Accordingly, a reasonable jury could find beyond a reasonable doubt that Abdunafi participated in a conspiracy to distribute at least 500 grams of cocaine.

V.

Abdunafi also challenges his sentence, arguing that the District Court erred by imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

Five hours after police took Abdunafi into custody following the van stop, Abdunafi was transported to the Lackawanna County Prison. As the transport vehicle entered the confines of the prison, Abdunafi broke free from his restraints and escaped from the vehicle. He was found 90 minutes later about a mile from the facility. Abdunafi contends that he was not yet in custody when he fled from the police and his behavior is more appropriately classified as "avoiding or fleeing arrest" which does not warrant an enhancement. *See* U.S.S.G. § 3C1.1, Application Note 5(d). We disagree.

Unlike the cases cited by Abdunafi in which the defendant's arrest was still in progress, *United States v. Draves*, 103 F.3d 1328 (7th Cir. 1997), or had not yet occurred, *United States v. Stroud*, 893 F.3d 504 (2d Cir. 1990), Abdunafi had been in police custody for five hours; an arrest had been accomplished and a state of legal custody had begun. *See United States v. Williams*, 152 F.3d 294, 304 (4th Cir. 1998). Abdunafi's willful attempt to escape from that custody in order to obstruct justice warranted his two-point enhancement.

V.

For the foregoing reasons, we will affirm the judgment of the District Court.