[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15505
_____

D.C. Docket No. 3:12-cv-00488-MCR


DARCEL D. FISHER HARRIS,

                                        Plaintiff-Appellant-Cross Appellee,

                        versus

HARVEY SCHONBRUN,
Trustee,

                                        Defendant-Appellee-Cross Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(December 10, 2014)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and JONES,[*] District
Judge.

WILLIAM PRYOR, Circuit Judge:

_____

[*] Honorable Steve C. Jones, United States District Judge for the Northern District of Georgia,
sitting by designation.

This appeal requires us to decide two questions: (1) whether a lender can satisfy a statutory obligation to give a borrower clear and conspicuous notice of a right to rescind a loan, *see* Truth in Lending Act, 15 U.S.C. § 1635, when the lender instructs the borrower to sign simultaneously both the loan and a postdated waiver of the borrower's right to rescind; and (2) if it rescinds the loan, whether the district court must award the borrower statutory damages, attorney's fees, and costs. Darcel D. Fisher Harris sought to rescind a loan she entered into years earlier with Harvey Schonbrun, a trustee of a mortgage investment trust. Harris contended that, because the mortgaged property was her "principal dwelling" and Schonbrun failed to give her "clear[] and conspicuous[]" notice that she had a statutory right to rescind the loan within the three business days after the "consummation of the transaction," *id.* § 1635(a), her statutory right to rescind was extended to three years from the date of the loan, *id.* § 1635(f). The district court found that the mortgaged property was Harris's "principal dwelling" and Schonbrun failed to give Harris adequate notice of her right to rescind. *Id.* § 1635. The district court granted rescission, *id.* § 1635(a), but denied Harris's request for statutory damages, attorney's fees, and costs, *id.* § 1640(a). We affirm the grant of rescission; reverse the denial of statutory damages, attorney's fees, and costs; and remand for further proceedings.

2

## I. BACKGROUND

On October 16, 2009, Schonbrun and Harris entered into a loan agreement, secured by a mortgage for Harris's residential property. In 2011, after Harris defaulted on the loan and Schonbrun sued Harris to foreclose on the property, Harris notified Schonbrun that she wanted to rescind the loan transaction. Harris alleged that Schonbrun had failed to comply with the requirement of the Truth in Lending Act, *id.* § 1635, to notify Harris "clearly and conspicuously" that she had a right to rescind the loan within three business days, *id.* § 1635(a). Because Harris never received the required notice, she argued, her statutory right of rescission was extended to October 16, 2012, *id.* § 1635(f), and Schonbrun had to rescind the loan, *id.* § 1635(a).

After Schonbrun denied Harris's request, Harris filed a complaint in the district court on April 27, 2012. She sought rescission, *id.*, and an award of statutory damages, attorney's fees, and costs, *id.* § 1640(a). Harris alleged that she did not receive clear and conspicuous notice of her right to rescind, in violation of the Act and an associated regulation, *id.* § 1635(a); 12 C.F.R. § 226.23(b)(1). She alleged that the notice she received was inadequate because Schonbrun instructed her to sign a postdated waiver of her right to rescind when she signed the loan documents, 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(e), and Schonbrun did not give her two copies of the notice of her right to rescind, 12 C.F.R. § 226.23(b)(1).

3

The parties consented to have their dispute decided in a bench trial before a magistrate judge. Fed. R. Civ. P. 73. Harris and Schonbrun presented conflicting evidence about whether Harris was entitled to the protections of the Act and whether Schonbrun violated the Act. Harris presented evidence that she lived and kept most of her personal belongings at the residential property. She testified that she received only one copy of the notice of her right to rescind, and that she signed both the loan documents and a waiver of her right to rescind on October 16, 2009. Schonbrun presented evidence that Harris lived at a different address at the time of the transaction; Harris knew about her right to rescind; and Harris signed the waiver of her right to rescind on October 21, 2009, after the statutory three-day period for rescission expired. The signed waiver form had a typewritten date of "October 21st, 2009," but Harris handwrote "16 Oct. 09" next to her signature. The waiver stated, "I, the undersigned, am aware that today, OCTOBER 21, 2009, is after the expiration date of the Right of Rescission for the . . . transaction . . . [and] I hereby elect not to rescind this transaction."

The magistrate judge ruled in Harris's favor and ordered rescission of the loan, but the magistrate judge denied Harris's request for statutory damages, attorney's fees, and costs. The magistrate judge determined that Schonbrun did not "materially violate" the Act and Harris was not actually harmed by Schonbrun's violation. The magistrate judge decided that rescission was a sufficient remedy and

that an award of statutory damages, attorney's fees, and costs was not "equitable and just to the parties."

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. First, "[w]e review for clear error factual findings made by a district court," *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007), and we review *de novo* the application of law to those facts, *Lykes Bros., Inc. v. U.S. Army Corps of Eng'rs*, 64 F.3d 630, 634 (11th Cir. 1995). A factual finding is clearly erroneous only if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted). Second, we review *de novo* "a district court's rulings on the interpretation and application of a statute." *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1139 (11th Cir. 1992) (internal quotation marks and alteration omitted). We also review *de novo* "[t]he proper standard for an award of attorney's fees." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003).

## III. DISCUSSION

The parties present three issues. First, Schonbrun argues that the findings of fact by the district court are clearly erroneous. Second, Schonbrun asks us to reverse the grant of rescission on the ground that Harris received clear and conspicuous notice of her right to rescind. Third, Harris contends that the district

court lacked the discretion to deny her an award of statutory damages, attorney's fees, and costs. We address each argument in turn.

### A. *The Record Fairly Supports the Findings of Fact.*

Schonbrun argues that the district court clearly erred in its findings of fact. Schonbrun argues that Harris was not entitled to the protections of the Act because the property that secured the loan was not Harris's "principal dwelling" at the time of the transaction, 15 U.S.C. § 1635(a). He also argues that Harris received two copies of the notice of her right to rescind the loan, and Harris signed a waiver of her right to rescind on October 21, 2009, three business days after she signed the loan documents.

The district court was entitled to find that the mortgaged property was Harris's principal dwelling and that she signed both the loan and the waiver at the same time, as she testified. We defer to the "credibility choices" made by the district court and its decision to credit Harris's testimony. *Hiram Walker & Sons, Inc. v. Kirk Line*, 30 F.3d 1370, 1374 (11th Cir. 1994). The record "as a whole" supports the findings of fact, *id.* (internal quotation marks and citation omitted), and we are not left with a "definite and firm conviction that a mistake has been committed," *Lykes Bros., Inc.*, 64 F.3d at 634 (internal quotation marks and citation omitted).

6

*B. Harris Was Entitled to Rescission Because Schonbrun Failed to Give Harris Clear and Conspicuous Notice of Her Right to Rescind.*

The Truth in Lending Act requires a lender to give a borrower clear and conspicuous notice of the borrower's right to rescind a loan transaction. 15 U.S.C. § 1635(a). A regulation requires that "a [lender] shall deliver two copies of the notice of the right to rescind to each [borrower] entitled to rescind." 12 C.F.R. § 226.23(b)(1). That notice must be "on a separate document that identifies the transaction and [must] clearly and conspicuously disclose . . . [t]he [borrower]'s right to rescind the transaction." *Id.* "If the required notice or material disclosures are not delivered, the right to rescind shall expire [three] years after consummation" of the transaction. *Id.* § 226.23(a)(3); 15 U.S.C. § 1635(f). The purpose of the notice is to give borrowers a "cooling off period" to reconsider the loan transaction, *Rodash v. AIB Mortg. Co.*, 16 F.3d 1142, 1146 (11th Cir. 1994), *abrogated on different grounds by Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996), and borrowers can waive the three-day rescission period only in certain emergency situations not relevant to this appeal, *id.* § 226.23(e).

Schonbrun argues that the district court erroneously ruled that Harris was entitled to rescission. Schonbrun contends that his noncompliance with the requirements of the Act was immaterial. He contends that, because only material noncompliance violates the Act and Harris subjectively knew about her right to

7

rescind the transaction, Harris's right to rescind was not extended beyond three business days after the transaction.

Schonbrun's argument fails. To be sure, the Act "does not require perfect notice; rather it requires a clear and conspicuous notice of [the right to rescind]." *Veale*, 85 F.3d at 580. And a technical violation of the Act, if immaterial, will not extend a borrower's deadline of the right to rescind. *Smith v. Highland Bank*, 108 F.3d 1325, 1327 n.4 (11th Cir. 1997); *Bustamonte v. First Fed. Sav. & Loan Ass'n of San Antonio*, 619 F.2d 360, 363 (5th Cir. 1980). But Schonbrun failed to comply with two requirements of the Act and a related regulation: Schonbrun instructed Harris to sign simultaneously the loan documents and a postdated waiver of her right to rescind the transaction, 15 U.S.C. § 1635(a); and Schonbrun failed to give Harris two copies of the notice of her right to rescind, 12 C.F.R. § 226.23(b)(1). The postdated waiver failed to provide Harris clear and conspicuous notice of her right to rescind, in violation of the Act, and that violation alone was material. Although the waiver was ineffective because Harris could not waive her right to rescind until after the three-day period had expired, 12 C.F.R. § 226.23(e), execution of the waiver "during the transaction would confuse any reasonable [borrower] because it implies, incorrectly, that waiver is generally possible within [three business days of the transaction]." *Rodash*, 16 F.3d at 1146. The simultaneous execution of both a loan and a waiver of the right to rescind

8

"preclude[s] the possibility of 'clear' disclosure." *Id.* at 1147. Harris had no reason to believe she was signing a waiver that would not take effect until the three-day period had expired. If Harris "had changed her mind [during the three-day period,] and wished to rescind the transaction, it would have been reasonable for her not to have exercised that right as a direct result of [the waiver]." *Id.*

This appeal is distinguishable from *Smith v. Highland Bank*, 108 F.3d 1325, where we decided that the borrower received clear and conspicuous notice even though the lender gave the borrower a waiver form on the date of the loan transaction. *Id.* at 1327. That waiver "d[id] not mislead the [borrower about her right to rescind]" because it "indicate[d] that the [borrower] [was] not to sign the [waiver] until more than three business days ha[d] elapsed." *Id.* at 1327. Unlike the borrower in *Smith*, Harris was instructed to—and did—sign the waiver before the three-day period for rescission had expired. *Id.* at 1326–27.

Whether Harris was actually deceived or harmed by Schonbrun's noncompliance with the Act is irrelevant. We employ an objective standard to determine whether a borrower received clear and conspicuous notice and "'it is unnecessary to inquire as to the subjective deception or misunderstanding of particular [borrowers].'" *Rodash*, 16 F.3d at 1145 (quoting *Zamarippa v. Cy's Car Sales*, 674 F.2d 877, 879 (11th Cir. 1982)). Because Schonbrun did not give Harris

9

clear and conspicuous notice of her right to rescind the transaction, Harris's right to rescind was extended to three years from the date of the transaction.

*C. The District Court Lacked the Discretion to Deny Harris's Request for Statutory Damages, Attorney's Fees, and Costs.*

The district court ruled that Harris was entitled to rescission of the loan transaction, but refused to award her statutory damages, attorney's fees, and costs. The district court determined that Schonbrun's noncompliance with the Act was "immaterial" and the monetary awards were mandatory only under a "hypertechnical reading" of the Act, which we cautioned against in *Smith*. 108 F.3d at 1327 n.4. Rescission without the monetary awards, the district court reasoned, furthered the "legislative purpose" of the Act, which we explained in *Williams v. Homestake Mortgage Company* is to restore the parties to the positions they held before the transaction. 968 F.2d at 1140.

The decision not to award damages, attorney's fees, and costs is inconsistent with the text of the Act and is based on an incorrect reading of our precedents. An award of statutory damages, attorney's fees, and costs is mandatory after rescission of a loan transaction. The plain text of the Act provides that any lender who fails to comply with "section 1635 . . . *is liable* to [the borrower] in an amount equal to the sum of . . . (1) actual damages sustained . . . ; (2) [statutory damages of] not less than $400 or greater than $4,000; . . . [and] (3) . . . the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)

(emphasis added). The issue of the "materiality" of noncompliance with the requirements of the Act is a consideration when deciding whether the lender violated the Act, *Smith*, 108 F.3d at 1327 n.4, but it does not affect the remedies available when rescission is ordered. The district court must award statutory damages "regardless of the . . . belief that no actual damages resulted or that the violation [of section 1635] is *de minimis*." *Zamarippa*, 674 F.2d at 879. The Act "provide[s] for the automatic award of attorney['s] fees and costs to a prevailing [borrower]." *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007) (citing *Randolph v. Green Tree Fin. Corp.-Ala.*, 244 F.3d 814 (11th Cir. 2001)).

Smith did not overrule our earlier decisions that statutory damages, attorney's fees, and costs are mandatory. 108 F.3d 1325. Although we stated in *Smith* that Congress did not intend for us to apply a "hypertechnical reading of any part of [the Act]," we made this statement to explain that Congress did not intend to punish lenders for immaterial mistakes. *Id.* at 1327, 1327 n.4. *Smith* did not address the automatic award of statutory damages, attorney's fees, and costs.

Likewise, our holding in *Williams* does not give courts free rein to vary the textual commands of the Act. We held in *Williams* that "a court may impose conditions [on rescission] . . . that would be equitable and just . . . in view of all surrounding circumstances." 968 F.2d at 1142. We explained that the goal of the conditions should be to return the parties to the positions they occupied before the

11

transaction. *Id.* But we made these determinations while interpreting section 1635(b), *id.*, which permits a court to vary "[t]he procedures [for rescission] prescribed by *this subsection*," 15 U.S.C. § 1635(b) (emphasis added). The procedures in section 1635(b) relate to the "process of effecting rescission," *Williams*, 968 F.2d at 1142, such as the order of performance, the location of tender, and the timeframe for the rescission. 15 U.S.C. § 1635(b). The awards of statutory damages, attorney's fees, and costs are prescribed in section 1640, not subsection 1635(b), and they do not relate to the "process of effecting rescission."

The district court lacked the discretion to deny Harris statutory damages, attorney's fees, and costs, and we remand for a determination of the amounts owed her. When making that determination, the reasonableness of attorney's fees and costs is not limited by the dollar value of the underlying loan agreement. *See Varner v. Century Fin. Co., Inc.*, 738 F.2d 1143, 1148 n.7 (11th Cir. 1984).

## IV. CONCLUSION

We **AFFIRM** that part of the judgment granting rescission to Harris. We **REVERSE** that part of the judgment denying Harris statutory damages, attorney's fees, and costs and **REMAND** for the district court to determine the amount of statutory damages, reasonable attorney's fees, and costs to award Harris.

12