PS4-181                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1405
_____

NINA SHAHIN;
MAZEN SHAHIN,
                                        Appellants

v.

PNC BANK, Local Branch at 87 Greentree Drive, Dover, DE 19904;
PNC BANK, corporate headquarters in Pittsburgh, PA;
ANDREW ROGAN, Assistant Manager of Dover Branch;
LEGHSA COPETILLO, Manager of Dover Branch

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-13-cv-01404)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 24, 2015)
_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Mazen Shahin and Nina Shahin, husband and wife, appeal from orders of the United States District Court for the District of Delaware, which dismissed their complaint. For the reasons that follow, we will affirm the District Court's judgment in part, vacate it in part, and remand for further proceedings.

I.

The Shahins' complaint was based on events surrounding their unsuccessful attempt to obtain a home equity loan from a branch of PNC bank. The Shahins sued the bank, and the branch's manager and assistant manager. The complaint alleged that the defendants violated provisions of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3605, 3617; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq.; and the regulations implementing those statutes.

The Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Shahins did not respond directly, but filed a motion for sanctions under Fed. R. Civ. P. 11(b), and Rule 3.1 of the Delaware Lawyers Rules of Professional Conduct. The District Court granted the Defendants' motion to dismiss and denied the motion for sanctions. The Shahins filed a motion for reargument. The District Court acknowledged a miscalculation concerning the period of limitations for a TILA claim, but dismissed the

2

claim on other grounds, and otherwise found no reason to disturb its initial decision. The Shahins timely appealed.

## II.

We have jurisdiction to review the District Court's October 9, 2014 order dismissing the Shahins' complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We turn first to the Shahins' claims of discrimination under the FHA and ECOA. Under the ECOA, a creditor may not discriminate against any applicant on the basis of national origin, see 15 U.S.C. § 1691(a), and the FHA prohibits lenders from refusing "to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of . . . national origin," see 42 U.S.C. § 3604(a). The parties argue about whether the Shahins' complaint establishes a prima facie case under these statutes, but that is not the focus at the Rule 12(b)(6) stage, as the prima facie case is an evidentiary standard. See

Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009); E.E.O.C. v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014). Rather, "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." Port Auth. of N.Y. & N.J., 768 F.3d at 254 (alterations and citations omitted).

The complaint here does not plausibly indicate that PNC declined[1] to provide a loan for any discriminatory reason. The Shahins' allegation that the defendants were "well aware of the Plaintiffs' foreign origins and treated them as idiots who can be threatened, harassed, intimidated, insulted and deprived of their civil and constitutional rights," Complaint at 5, does not "establish the requisite inference." See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B., 727 F.3d 502, 504-05 (6th Cir. 2013) (allegation of Iraqi origin not sufficient to support inference of discrimination, citing Iqbal, 556 U.S. at 677, 681). We thus conclude that the District Court properly determined that the claims of discrimination in violation of the FHA and ECOA did not state a claim upon which relief could be granted.

---

[1] It is unclear whether PNC ever officially "denied" the loan application. In fact, the Shahins have submitted a document showing that the application was "approved." Plaintiffs-Appellants' Opening Appendix Vol. II at AA67. But of course, the Shahins do allege that PNC terminated its banking relationship with them by closing all of their accounts, which would effectively "deny" the loan. See letters attached to complaint, dkt. #1.

We next consider the Shahins' claims under RESPA and TILA. The District Court held that RESPA does not provide a private right of action for a violation of §§ 2604(c) & (d) of the Act, which require a lender to provide a borrower with a "Good Faith Estimate" ("GFE") within three days of receiving a loan application. We agree, and we affirm the District Court's judgment to the extent that it found no private right of action under that section of RESPA. See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (per curiam) (examining congressional intent and concluding that there is no private right of action under §§ 2604(c) & (d)); see also Wisniewski v. Rodale, Inc., 510 F.3d 294, 301 (3d Cir. 2007) (explaining that congressional intent is crucial in determining whether a statute includes an implied private right of action).

But the Shahins now say that they are not trying to sue under § 2604; instead, they appear to argue that the complaint cites RESPA only to the extent it refers to TILA as the appropriate statute governing disclosures for home equity loans. See 24 C.F.R. § 3500.7 (2012) (removed)[2] (lender who provides a borrower of an open-end home equity loan with the disclosures required by TILA's Regulation Z (12 C.F.R. § 226.5b) at the time the borrower applies for such loan shall be deemed to satisfy RESPA's requirements for providing a GFE). We thus turn to the Shahins' claims under TILA.

_____

[2] The Department of Housing and Urban Development removed its regulations authorized under RESPA when its responsibility for administration of the statute was transferred to the Consumer Financial Protection Bureau. See 79 Fed. Reg. 34224-01 (June 16, 2014). HUD's regulations still were in force at the time of the incidents alleged in the complaint.

According to the implementing regulations of TILA, a lender is required to make certain disclosures (including, for example, payment terms and annual percentage rate, see 12 C.F.R. § 226.5b(d)) to a home equity loan applicant "at the time an application is provided to the consumer." 12 C.F.R. § 226.5b(b).[3] TILA does provide for a private cause of action against "any creditor who fails to comply with any requirement imposed under this part," including awards for actual damages and/or statutory damages. 15 U.S.C. § 1640. The Shahins' complaint could be generously construed as alleging that PNC did not provide them with the disclosures required by TILA.[4] Assuming that is true, the allegations of the complaint do not support an inference that the Shahins suffered any actual damages from the failure to receive the disclosures. See Vallies v. Sky Bank, 591 F.3d 152, 157 (3d Cir. 2009) (actual damages under TILA require that the loss be linked to the failure to disclose). Nor as currently pleaded are the Shahins entitled to statutory damages although it is the case that statutory damages may be available even where no

---

[3] A footnote provides that "[t]he disclosures and the brochure may be delivered or placed in the mail not later than three business days following receipt of a consumer's application in the case of applications contained in magazines or other publications, or when the application is received by telephone or through an intermediary agent or broker," but according to the allegations of the complaint, the Shahins applied in person, so the footnote would not apply. See 12 C.F.R. 226.5b(b) n.10a.

[4] At the Rule 12(b)(6) stage, we must interpret the allegations of the complaint in the light most favorable to the Shahins, but because the disclosures required by TILA "may be provided on the application form or on a separate form," see 12 C.F.R. § 226.5b(a)(1), it may be that PNC provided the disclosures as part of the application form. The facts regarding this issue are not clear from the pleadings.

detrimental reliance is proven.  See id. at 159-60; see also Harris v. Schonbrun, 773 F.3d 1180, 1185 (11th Cir. 2014). [5]

In sum, we agree with the District Court that the complaint, as filed, does not state a claim upon which relief may be granted.  However, "[w]hen a plaintiff does *not* seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The District Court did not give the Shahins an opportunity to amend their complaint, nor did it indicate that any amendment would be inequitable or futile.

We will vacate the District Court's order and remand so that the District Court can grant the Shahins an opportunity to file an amended complaint, unless it determines that a

---

[5] The District Court granted the motion to dismiss with respect to the TILA claim because, among other things, the loan application was denied by PNC.  We have doubts about the factual predicate of this reasoning, given that, as described above, a letter attached to the motion for sanctions indicates that the loan was approved by PNC.  In any event, the terms of the regulation and weight of authority suggest that consummation of a loan is not required for a lender to incur liability under TILA's disclosure regime.  See 12 C.F.R. § 226.5b(b) ("The disclosures and brochure . . . shall be provided at the time an application is provided to the consumer."); see also Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 53-54 (2004) ("Congress enacted TILA . . . to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit'."); Dzadovsky v. Lyons Ford Sales, Inc., 593 F.2d 538, 539 (3d Cir. 1979) (per curiam) ("One of the legislative purposes of [TILA] is to enable consumers to compare various available credit terms.  Any proven violation of the disclosure requirements of the Act is presumed to injure a borrower by frustrating that purpose.").

curative amendment would be inequitable, futile, or untimely.  See Alston v. Parker, 363

F.3d 229, 236 n.10 (3d Cir. 2004).[6]  Given the record before us, we cannot ascertain

whether it would be futile to amend their TILA claim, and we thus leave that

determination to the District Court in the first instance.  But for the reasons stated above,

we conclude that any amendment of their claims pursuant to the FHA and ECOA likely

would be futile, as it does not appear that they will be able to provide any non-conclusory

allegations that support an inference of discrimination.  See Port Auth. of N.Y. & N.J.,

768 F.3d at 254.[7]

　　　For the foregoing reasons, we will affirm in part, vacate in part, and remand for

further proceedings.[8]

---

[6] Any amendment to include an allegation of a violation of RESPA's § 2604(c) would be futile, as there is no private cause of action under that section.  See Collins, 105 F.3d at 1368.

[7] Given this outcome, we need not discuss in detail the District Court's denial of the Shahins' motion for reargument.  See Alston, 363 F.3d at 236 n.10.  We note, however, that the Shahins claimed in the motion that the fact that they were required "to close all their accounts with the PNC bank including their mortgage . . . was a clear evidence of discriminatory impact."  App. Vol. II at AA83.  While disparate impact claims are cognizable under the FHA, a plaintiff in such a case must show that the challenged practices "have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale."  See Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmties. Project, Inc., 135 S. Ct. 2507, 2513, 2525 (2015).  The Shahins' complaint does not contain allegations such that one can infer that PNC's practices had or have a disproportionately adverse effect on minorities.

[8] Appellant Nina Shahin's motion for an extension of time to file a reply brief is hereby granted.  The Clerk is directed to strike the reply brief filed on June 16, 2015, and replace it with the reply brief received on June 24, 2015, which is signed by both Appellants.